## UNITED STATES v. CHARLOTTE HARBOR & N. RY. CO.

(District Court, S. D. Florida. August 1, 1917.)

1. MASTER AND SERVANT ⬤=17—HOURS OF SERVICE—PENALTIES—PLEAS.

In actions for the penalty for violating Hours of Service Act March 4, 1907, c. 2939, 34 Stat. 1415 (Comp. St. 1916, §§ 8677–8680) by keeping train crews on duty more than 16 hours, the railroad company filed pleas admitting the overtime, but alleging that it was due to the derailment of cars, the necessity of clearing the track, and that the accidents occurred when it was impracticable to substitute another crew. It was also alleged that the conductor in one case willfully wasted time, and in the other case that the conductor and the engineer failed to notify the railroad officials that the crew would be on duty longer than 16 hours. Section 3 of the act excuses violations resulting from a casualty, unavoidable accident, or act of God, or where the delay was the result of a cause not known to the carrier or its officer or agent in charge of the employés at the time the employés left the terminal, and which could not have been foreseen. *Held*, that the pleas were insufficient to show that the violations fell within the exception.

2. MASTER AND SERVANT ⬤=17—HOURS OF SERVICE—PENALTIES—PLEAS.

In such case, additional pleas alleging that the train left the terminal on schedule, allowing ample opportunity to make the trip within 16 hours, that cars became derailed and much time, etc., was necessarily consumed in putting them back on the track and repairing the damage, and that such cause of delay was not known to the officers in charge of the employés before leaving the terminal, and could not have been foreseen, are also insufficient, not showing that the accident was not the result of the carrier's negligence, for a casualty, to warrant a violation of the Hours of Service Act, cannot have been the result of the carrier's negligence.

---

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the United States against the Charlotte Harbor & Northern Railway Company. On demurrers to defendant's pleas. Demurrers sustained.

H. S. Phillips, U. S. Atty., of Tampa, Fla., for the United States.

K. I. McKay, of Tampa, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon demurrers filed by the government to pleas and additional pleas of defendant. The declaration sets up ten causes of action for violation of the Hours of Service Act, approved March 4, 1907; the first five for permitting certain employés to be on duty 17 hours and 20 minutes on February 14, 1915, and the other five for permitting employés to be on duty 16 hours and 35 minutes on February 19, 1915.

The defendant first pleads not guilty to each count, and then interposes certain special pleas. Its second plea to the first five counts admits the overtime, but alleges that it was due to an unavoidable accident, to wit, a derailment of a car, and the necessity of clearing the track to avoid a suspension of business; that it occurred at a time and place which rendered it impracticable to substitute another crew. The third plea to the first five counts alleges the promulgation of a rule requiring its officers to be notified wherever it became apparent the trip could not be completed within 16 hours; further it alleges the derailment and failure of the conductor and engineer to notify the officers, and the company was ignorant and did not participate in the violation, and had no opportunity to send a relief crew. As to the last five counts the defendant pleads the above-mentioned third plea, and in addition pleads that the conductor willfully wasted time and thus caused the crew to remain on duty the overtime.

To each of these pleas, except the first, the plaintiff interposed demurrers.

Subsequently by leave of court the defendant filed two additional pleas; the first to the first five counts, alleging the service as set out in the declaration, and that it was because of an unavoidable accident, to wit, because the train left the terminal at Boca Grande for a journey to Bruce on a schedule which allowed ample opportunity to make the trip within 16 hours, and one of the cars in the train became derailed and 2 hours and 25 minutes were necessarily consumed in putting it back on the track and repairing the damage to the track before the train could proceed, and that said cause of delay was not known to its officers in charge of the employés before leaving the terminal and could not have been foreseen. The additional plea to the last five counts is substantially the same, except that it alleges it took 5 hours and 10 minutes to put the car back on the track and repair the damage, before it could proceed.

The plaintiff demurred to these last two pleas.

[1] As to the special pleas first pleaded, it need only be said that neither of them show a "casualty or unavoidable accident or act of God; nor where the delay was the result of a cause not known to the carrier or its officer or agent in charge of such employé at the time said

employé left a terminal, and which could not have been foreseen." And this is necessary in order to relieve the defendant from the penalty imposed for a violation of the statute. The statute fixes a duty upon the defendant not to permit its servants engaged in running trains to work more than 16 consecutive hours. If it does, then the penalty is incurred, unless it can excuse itself by alleging and proving one of the causes contained in section 3 of the act. The special pleas first pleaded do not do this, and the demurrers to them will therefore be sustained.

[2] The special pleas filed by leave of court were evidently framed with the intention of bringing the defendant within the provision of section 3, and, if they show an unavoidable accident, would show a complete defense. It is true these pleas allege it was an unavoidable accident, and undertake to show how it happened, in that a car of the train was derailed, and the delay thus occasioned was the cause of the crew being detained overtime. In the case of United States v. Missouri Pacific Ry. Co., reported in 213 Fed. 169, 130 C. C. A. 5, the answer alleged that "through no fault or negligence of the defendant company, its agents or servants," a derailment occurred. A demurrer to such an answer was overruled by the court, and such ruling affirmed in the Circuit Court of Appeals for the Eighth Circuit. On page 176 of 213 Fed., on page 12 of 130 C. C. A., Judge Sanborn notices particularly this allegation in the answer, and points out that the demurrer admitted it. In the case of United States v. Kansas City Southern Ry. Co., 202 Fed. 833, 121 C. C. A. 141, Judge Van Valkenburgh, speaking for the court, says:

"To bring itself within the exceptions stated, the carrier must be held to as high a degree of diligence and foresight as may be consistent with the object aimed at and the practical operation of its railroad."

It is true that the language was used while discussing the exemption in the proviso of causes of delay not known before leaving the terminal, and which could not have been foreseen; but it seems to me that it might well apply to a derailment, which ordinarily indicates neglect of the roadbed by the carrier. The pleas under discussion are silent as to the cause of derailment, and if such derailment could have been avoided by ordinary foresight the accident could not be said to be unavoidable, and unless it was unavoidable it is no defense to the action brought.

I am therefore of opinion that the demurrers to these pleas are well taken, and should be sustained. It will be so ordered.